<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| XIAOYING MA,  :<br>:<br>Plaintiff,  :<br>:<br>v.  :<br>:<br>SUPER LUXURY TOURS, INC., ET AL.,  :<br>:<br>Defendants/Third Party Plaintiffs  :<br>:<br>v.  :<br>:<br>ANTAI TOURS, INC., ET AL.,  :<br>:<br>Third Party Defendants.  : | Civil Action No. 11-3834 (SRC)<br><br>**OPINION** |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the motion to remand filed by Plaintiff Xiaoying Ma ("Plaintiff") [docket entry no. 8]. Defendant Super Luxury Tours, Inc. ("Defendant") opposes the motion. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Plaintiff's motion to remand this action to the Superior Court of New Jersey, Law Division, Middlesex County.

**I.    BACKGROUND**

Plaintiff initiated this action in the Superior Court of New Jersey against Defendant and others, asserting common law tort claims, and a New Jersey state law claim for punitive

damages.  The underlying dispute arises from a traffic accident which occurred on the New Jersey Turnpike on March 14, 2011.  Defendant, a Pennsylvania corporation, is the owner of the commercial tour bus involved in the March 14, 2011 accident.  Plaintiff was a passenger on the bus at the time of the accident, and she seeks damages from the Defendant and others for the injuries she allegedly incurred as a result of the accident.

Defendant filed a notice of removal on June 29, 2011.  Defendant contends that this action is removable because Plaintiff's claims, though "artfully" crafted as arising under state law, in fact arise under the Federal Motor Carrier Safety Act of 1999 ("FMCSA"), codified in part at 49 U.S.C. §§ 101 to 228, and 49 U.S.C. §§ 31131 to 31151 (Safety Regulation), and regulations promulgated thereto by the Department of Transportation.  Defendant also argues that this Court has federal subject matter jurisdiction because Plaintiff's claims are completely preempted by the FMCSA, and thus necessarily arise under federal law.

Plaintiff filed the instant motion for remand on August 24, 2011.

## II.   DISCUSSION

This Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case.  *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546 (2005).  Parties cannot waive a lack of subject matter jurisdiction or confer it upon the court by consent.  *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 346 (3d Cir. 2003).

"The party asserting jurisdiction bears the burden of showing the action is properly before the federal court."  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).  Title 28 U.S.C. §

1441, under which Defendant pled its notice of removal, must be "strictly construed against removal" with all doubts to be resolved in favor of remand. *Id.*; *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). A defendant may remove an action from state court to federal district court pursuant to 28 U.S.C. § 1441(a) only when the federal courts have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendant removed this action on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Caterpillar*, 482 U.S. at 392 n.6. The issue of federal question jurisdiction is typically governed by the "well-pleaded complaint rule," which provides that there is jurisdiction only when the "face of the plaintiff's properly pleaded complaint" presents a federal question. *Caterpillar*, 482 U.S. at 392; *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (stating that "it is long settled law that a cause of action arises under federal law only when plaintiff's well-pleaded complaint raises issues of federal law"). The well-pleaded complaint rule makes the plaintiff the "master of the claim," meaning that he or she may avoid federal jurisdiction by forgoing federal causes of action and basing the claim on only state law. *Caterpillar*, 482 U.S. at 392 (citing *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809, n.6 (1986); and *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918)).

In this case, the parties agree that the face of Plaintiff's Complaint asserts only claims arising under state law. It does not seek relief under the laws of the United States. Defendant contends that the Court nevertheless has "arising under" jurisdiction because Plaintiff's negligence claims necessarily raise the issue of Defendant's compliance with the FMCSA and

associated regulations, which comprehensively regulate the safety standards of commercial bus operators, such as the Defendant.

Indeed, in limited cases, federal question jurisdiction may exist when a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983); *see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 315 (2005) (articulating the test for "arising under" jurisdiction based on an embedded federal question as whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal law and state judicial responsibilities."). However, *Grable* does not create federal jurisdiction for every claim involving an analysis of federal law. *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 455-56 (D.N.J. 2007) (holding that "[a] state law cause of action does not give rise to a substantial and disputed question of federal law simply because it is predicated on conduct regulated by federal law.").

Plaintiff's Complaint does not raise a substantial question of federal law as a necessary element of her negligence claims. As noted above, Plaintiff does not allege in her Complaint that Defendant violated the FMCSA or its associated regulations. Though Plaintiff concedes, in her motion for remand, that Defendant's violation the FMCSA *may* be relevant to the alleged breach of its common law duty of care, Defendant makes no argument (aside from its complete preemption argument, discussed below), that such violation is *necessary* to establish Defendant's breach of the duty of care, much less that such violation would raise a substantial and disputed question of federal law. Moreover, the mere fact that Defendant's operations as a motor carrier are regulated by the FMCSA does not characterize Plaintiff's negligence claims as arising under

federal law. *See Hirschbach*, 496 F. Supp. 2d at 456.

Defendant also raises a complete preemption argument. The complete preemption doctrine permits removal to federal court under federal question jurisdiction under the rationale that "if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 23; *see also Caterpillar*, 482 U.S. at 393 (stating, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). Despite Defendant's assertion that the FMCSA and associated regulations "serve to completely preempt the area of commercial interstate transport of passengers and concomitant safety issues and concerns" (Def. Br. at 6-7), this Court is not aware of any authority - nor has any been cited - instructing that the complete preemption doctrine applies to the FMCSA. In light of the narrow scope of the doctrine, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987), the Court concludes that Plaintiff's state law claims are not completely preempted by the FMCSA.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's claims do not arise under federal law, and there is no federal question jurisdiction in this matter. The Court finds that this case must be remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction. An appropriate form of order will be filed together with this Opinion.

   s/ Stanley R. Chesler   
STANLEY R. CHESLER  
United States District Judge

DATED: October 13, 2011